**Richard Arthur WRIGHT, Jr., Petitioner—Appellant,**

v.

**Edward S. ALAMEIDA, Jr., Director, Respondent—Appellee.**

No. 03–16781.

D.C. No. CV–02–03607–PJH.

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2004.*

Decided April 19, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert Franklin Howell, Santa Barbara, CA, for Petitioner–Appellant.

Seth K. Schalit, Pamela K. Critchfield, San Francisco, CA, for Respondent–Appellee.

Before HALL, O'SCANNLAIN, and RYMER, Circuit Judges.

### MEMORANDUM**

Richard Arthur Wright, Jr., appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254 alleging ineffective assistance of counsel due to his attorney's failure to file a motion to suppress eyewitness identification testimony. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review de novo the district court's decision to deny a 28 U.S.C. § 2254 petition, *see Alcala v. Woodford*, 334 F.3d 862, 868 (9th Cir.2003), and we affirm.

Although his trial counsel failed to file a motion to suppress evidence, Wright did not receive ineffective assistance of counsel because counsel's action was not constitutionally deficient. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Petitioner alleges that the eyewitness identification was obtained in violation of his Sixth Amendment right to counsel during a post-lineup meeting between the victim and police officer because his attorney was absent. This is incorrect. *See Doss v. United States*, 431 F.2d 601, 603 (9th Cir.1970) (holding that witness interviews after lineups do not trigger the right to counsel). Wright's attorney's failure to move to suppress was not objectively unreasonable conduct. *Id.* Accordingly, the California court's adjudication did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.